

Normand Bergeron

P.O. Box 17029

Reno, NV  89511

(775) 250-3659

FILED ✓     _____ RECEIVED
_____ ENTERED     _____ SERVED ON
COUNSEL/PARTIES OF RECORD

DEC 2 7 2013

CLERK US DISTRICT COURT
DISTRICT OF NEVADA

BY: _____ DEPUTY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

Normand Bergeron,                          ) CA No. 3:13-cv-00625-MMD-WGC
                                           )
            Plaintiff,                     )
                                           )
      vs.                                  )
                                           )
Department of Justice, Bureau of           )
                                           )
Alcohol, Tobacco, Firearms and            )
                                           ) Amended Complaint For Injunctive
Explosives                                 ) Relief
                                           )
            Defendant.                     )
_____)

**JURISDICTION**

1. This court has subject matter jurisdiction over this action
pursuant to 5 U.S.C. § 552(a)(4)(B). This Court also has jurisdiction
over this action pursuant to 28 U.S.C. § 1331. Venue lies in this
district under 5 U.S.C. § 552(a)(4)(B).

## COMPLAINT FOR INJUNCTIVE RELIEF

2. This is an action under the Freedom of Information Act, 5 U.S.C. § 552, to order the production of all agency records, emails and other electronic records concerning ATF vacancy announcement 11-ACP-124-ADB and other records sought through FOIA which Defendant has improperly withheld from Plaintiff.

## PARTIES

3. Plaintiff, Normand Bergeron, is employed by the Bureau of Alcohol. Tobacco, Firearms and Explosives (ATF) and is the requester of the records which Defendant is now withholding. Plaintiff has requested this information for use to determine if there have been violations of 5 U.S.C. § 2302 (b)(6) and the prompt release of the information is important to further the investigation into these violations. These documents may also have public interest because they may shed light on some of the tangential circumstances surrounding the "rift' between the U.S. Attorney's Office and the Reno Office of the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF).

4. Defendant Department of Justice is an agency of the United States. The Bureau of Alcohol, Tobacco Firearms and Explosives (ATF), is a component agency of the Department of Justice and has possession of the documents that Plaintiff seeks.

**FOIA 12-46**

5. By letter dated October 7, 2011, Plaintiff submitted a FOIA request for access to all records electronic or standard including emails in reference to ATF vacancy announcement 11-ACP-124-ADB for the selection of a new supervisor in the ATF Reno Field Office.

6. By letter dated October 25, 2011, Defendant responded designating the FOIA agency case number 12-46. Additionally, Defendant stated that Plaintiff's request was received on October 11, 2011 and that a response would be mailed in 20 business days.

7. By letter dated November 14, 2011, Plaintiff was denied access to the information requested in ATF FOIA 12-46 on the grounds that the Human Resources (HR) file concerning ATF vacancy announcement 11-ACP-124-ADB was still open. Additionally, the letter states that "If a selection has been made and the associated file closed, you can then at that time mail us a new request".

8. By letter dated November 18, 2011, Plaintiff appealed the denial of ATF FOIA 12-46 to the Department of Justice Office of Information Policy (DOJ OIP). This was designated AP-2012-00716 by DOJ OIP.

9. On February 14, 2012, Plaintiff received a response from DOJ OIP regarding appeal AP-2012-00716. This appeal was closed stating that Defendant had responded to the substance of the original request (FOIA 12-46) in the Defendant's response dated January 4, 2012. This

refers to the information provided to a new FOIA filed by Plaintiff designated FOIA 12-235 described in paragraphs 10-15.

**FOIA 12-235**

10. On November 21, 2011, the selection for ATF vacancy announcement 11-ACP-124-ADB was publicly announced and Plaintiff assumed that the associated Human Resources file would now be closed and the records regarding ATF vacancy announcement 11-ACP-124-ADB should be available for release.

11. By the end of November 2011, Plaintiff had not received any response from DOJ OIP reference appeal AP-2012-00716 to ATF FOIA 12-46. By letter dated November 29, 2011, Plaintiff re-requested access pursuant to FOIA for all records referenced to ATF vacancy announcement 11-ACP-124-ADB (the same information requested in FOIA 12-46).

12. By letter dated December 9, 2011, Defendant responded designating the FOIA agency case number 12-235. Additionally, Defendant stated that the Plaintiff's request was received on December 1, 2011 and that a response would be mailed in 20 business days.

13. On or about January 4, 2012, Plaintiff received a letter from Defendant and a 44 page response to the FOIA request of November 29, 2011 designated 12-235.

14. Due to Plaintiff's inexperience with FOIA, an examination of the 44 page response took longer than the 90 day appeal period. Upon

studying FOIA exemptions and a thorough examination of the 44 page response to FOIA 12-235, Plaintiff noted that there appeared to be an arbitrary application of FOIA exemptions 5 USC § 522 (b)(2), 5 USC § 522 (b)(5) and 5 USC § 522 (b)(6) throughout the document. It was also not clear which specific exemptions applied to which redactions.

15. Due to the expiration of the 90 day appeal period on FOIA Request 12-235, Plaintiff decided to file a new FOIA request that is detailed in paragraphs 16 - 25.

**FOIA 12-867**

16. On May 22, 2012, Plaintiff filed a new FOIA request for records regarding ATF vacancy announcement 11-ACP-124-ADB and other materials related to other ATF job announcements. The purpose of this FOIA was to restart the 90 day appeal period and eventually appeal Defendant's response to FOIA 12-235 regarding ATF vacancy announcement 11-ACP-124-ADB.

17. Due to Defendant's lack of response and seemingly arbitrary application of exemptions in the previous FOIA response, Plaintiff contacted the Office of Government Information Services (OGIS) on or about June 8, 2012 for assistance in obtaining records from Defendant. The case was assigned OGIS case number 201200545.

18. On June 22, 2012, Defendant responded to the FOIA request designated 12-867. The response stated that they had previously responded to part one of the FOIA request concerning ATF vacancy

announcement 11-ACP-124-ADB and that the remaining portions of the request would incur a processing fee of $329.00.

19. Plaintiff sent a check for $329.00 on June 29, 2012.

20. On August 6, 2012, FOIA Specialist Johnny Rosner sent an email to the San Francisco Field Division's Division Operations Officer containing Plaintiff's entire FOIA request designated 12-867. Rosner requested that the request be forwarded to the appropriate individuals in the Division for action regarding sections 2 through 4 of the Plaintiff's 5 part FOIA request. Although Mr. Rosner included the entire FOIA request, including Plaintiff's personal mailing address, he only asked for certain parts of the FOIA to be addressed. Additionally, it appears that Plaintiff's FOIA request was only sent to select individuals even though the request had a list of several other persons included on the request.

21. On August 22, 2012, Plaintiff spoke with Johnny Rosner in the ATF Disclosure Office to inquire about the status of FOIA 12-867. Mr. Rosner indicated that it should not take more than 30 days.

22. On October 13, 2012, Plaintiff inquired in writing as to the status of FOIA 12-867. The letter described in paragraph 23 had not yet been received via mail by Plaintiff.

23. In a letter dated October 11, 2012, a final response was received to FOIA 12-867. In this letter, Defendant stated that this was the final response to FOIA 12-867. There were no documents

referenced to ATF vacancy announcement 11-ACP-124-ADB so it would not be possible to appeal those specific records. The same arbitrary application of FOIA exemptions existed in the new records obtained through FOIA 12-867.

24. On December 3, 2012, Plaintiff appealed FOIA 12-867 to the Department of Justice Office of Information Policy. This appeal was designated agency case number AP-2013-01141 by DOJ OIP.

25. On March 20, 2013, a letter from DOJ OIP reference Appeal AP-2013-01141 regarding 12-867 was received by Plaintiff. The letter stated that, in part, the FOIA response was being remanded to the ATF Disclosure Office for further processing of a portion of the responsive records.

26. As of the date of the filing of this amended complaint, there has been no response from Defendant regarding appeal AP-2013-01141 and Defendant's further processing of a portion of the responsive records regarding 12-867.

**FOIA 12-1302**

27. On August 14, 2012, at the request of OGIS, Plaintiff wrote the ATF Disclosure Branch asking that they re-look at the information provided for ATF vacancy announcement 11-ACP-124-ADB in FOIA 12-235 and release any additional material. OGIS had previously reviewed the response to information provided by Defendant in response to FOIA 12-

235. OGIS stated in their notes that there appeared to be an excessive use of exemption b(6).

28. In a letter dated September 19, 2012, Defendant responded to the request to re-look at the FOIA request for information concerning ATF vacancy announcement 11-ACP-124-ADB. This final response was designated as a new FOIA request and assigned agency number 12-1302. The response to FOIA 12-1302 was an exact copy of the final response to information previously provided under FOIA 12-235 regarding ATF vacancy announcement 11-ACP-124-ADB. There was no effort to change any redactions, even that of publicly released information redacted under exemption b(6). Defendant also failed to correct pages 15 and 15a that had redactions but stated no exemptions to justify these redactions.

29. On October 13, 2012, the Plaintiff appealed FOIA 12-1302 to DOJ OIP.

30. In an email dated June 27, 2013, Plaintiff contacted DOJ OIP and asked for a status on the request for appeal filed reference ATF FOIA 12-1302.

31. As of the date of the filing of the original complaint in this case, 3:13-cv-00625, on November 7, 2013 at approximately 12:10 P.M. Eastern Time, there had been no response from DOJ OIP regarding the appeal to FOIA 12-1302.

32. On November 14, 2013, Plaintiff received a letter in response to the appeal to FOIA 12-1302. This was designated appeal AP-2013-00527 by DOJ OIP.

33. The DOJ OIP response letter for appeal AP-2013-00527 was dated November 7, 2013, the same date the original complaint in case 3:13-cv-00625 was filed and the letter was postmarked November 8, 2013, the day that the original complaint was served on Defendant.

34. DOJ OIP waited approximately 391 calendar days which included approximately 269 business days to send a response to appeal AP-2013-00527 only to send a response letter dated the same exact day, November 7, 2013, as the filing of the original complaint in this case.

35. In the response letter to appeal AP-2013-00527, DOJ OIP stated that the pages that had no exemptions stated (see paragraph 28 regarding pages 15 and 15a) were withheld under 5 U.S.C. 552 § (b)(6). The letter further stated that, in part, the FOIA response was being remanded to the ATF Disclosure Office for further processing of a portion of the responsive records.

36. As of the date of the filing of this amended complaint, Plaintiff has not received a response from Defendant regarding appeal AP-2013-00527 and Defendant's further processing of a portion of the responsive records regarding FOIA 12-1302.

**FOIA 13-1019**

37. In the Spring of 2012, Plaintiff contacted the ATF Ombudsman's Office for assistance regarding issues with ATF vacancy announcement 11-ACP-124-ADB. Plaintiff had several conversations and emails with members of ATF's Ombudsman's Office.

38. On May 14, 2013, Plaintiff filed a FOIA request regarding records concerning the Ombudsman's inquiry stated in paragraph 37. The FOIA request stated that emails regarding this Ombudsman investigation should include, but not be limited to, emails from, to and between the following individuals: Carla A. Miller, Kimberly R. Guay, Henry J. Lescault, Robin D. McBeth and Steve K. Martin.

39. The Defendant's response letter, dated June 13, 2013 (Thursday), was mailed to the Plaintiff on June 17, 2013 (Monday), which approximately corresponds to the 20th business day of processing time, regarding the FOIA request submitted on May 14, 2013. This FOIA was designated 13-1019.

40. The Defendant's letter, dated June 13, 2013, does not mention whether or not the FOIA request falls into the simple or complex categories and does not indicate if the Defendant may require more time than the twenty normal processing days or the ten additional business days provided by statute. The Defendant's letter also does not state if the request falls within "unusual circumstances" as set forward in 5 U.S.C. 552 § (a)(6)(B)(i)-(iii).

41. The Defendant's letter, dated June 13, 2013, simply assigns Agency case number 13-1019 to the FOIA request and restates that Plaintiff is willing to pay $250.00 for the processing and that any additional information can be requested through the Defendant's FOIA email address or via telephone.

42. A final response letter from Defendant dated October 28, 2013 was received on or about November 5, 2013. This letter states that "With the exception of any existing responsive e-mails received from or to Mr. Steve K. Martin concerning a certain Ombudsman's Office investigation you state occurred on your behalf regarding ATF job announcement 11-ACP-124, a search of our records has failed to produce the requested information."

43. On November 5, 2013, Plaintiff searched his Microsoft Outlook files and discovered that there were emails between Plaintiff and the certain individuals named in paragraph 38 that may be responsive to Plaintiff's FOIA request 13-1019.

44. In the final response letter dated October 28, 2013, Defendant also states that the search for emails from Mr. Steve Martin "would be very extensive, cumbersome and expensive". The letter goes on to say that the cost would be $100.00 per hour and take approximately 16 hours. Defendant requested that the Plaintiff would have to forward a "pre-payment of $1600.00, along with a new request".

45. On November 6, 2013, Plaintiff submitted an appeal to DOJ OIP to Defendant's final response letter for FOIA 13-1019. As of the date

of this filing, DOJ OIP has not responded to this appeal. The 20 business day response time has passed as of approximately December 6, 2013 and as of the December 20, 2013, the 30 day response period has passed.

**Conclusion**

46. The initial letter from the Defendant dated June 13, 2013 regarding FOIA 13-1019 did not provide a "determination" as defined in *CREW v. FEC.*, 711 F.3d 180 (D.C. Cir. 2013). The Defendant did not respond to FOIA request 13-1019 in the statutory time limit set by 5 U.S.C. § 552 (a)(6)(A)(i)and therefore, Plaintiff is entitled to bring suit in Federal District Court without exhausting the normal administrative appeal remedies.

47. In all FOIA requests detailed in this complaint, Plaintiff has made a good faith effort to exhaust all applicable administrative remedies (OGIS and DOJ OIP) with respect to the Defendant's wrongful withholding of the requested records pursuant to 5 U.S.C. § 552(a)(6)(C)(i).

48. Defendant has been given numerous opportunities to provide all responsive documents and to review the responsive documents previously provided for the proper application of the appropriate FOIA exemptions. As of the date of this filing, this has not occurred even though the responsive documents have been reviewed by the Department of Justice Office of Information Policy (DOJ OIP) and the Office of Government Information and Services (OGIS).

**Demand**

WHEREFORE, Plaintiff requests this Court:

(1) Order Defendant to provide access to the requested documents;

(2) Expedite this proceeding as provided for in 28 U.S.C. § 1657;

(3) Award Plaintiff costs and reasonable attorneys fees in this action, as provided in 5 U.S.C. § 552(a)(4)(E);

(4) A written finding that Defendant failed to provide a response that can be considered a "determination" within the 20 day statutory limit as required by 5 U.S.C. § 552(a)(6)(A)(i) and pursuant to case law set forth in *CREW v. FEC.*, 711 F.3d 180 (D.C. Cir. 2013);

(5) A written finding pursuant to Section 552(a)(4)(F)(i) referring the matter to the Office of Special Counsel, based on Defendant's arbitrary and capricious processing of Plaintiff's FOIA requests; and

(6) Grant such other and further relief as may deem just and proper.

Respectfully submitted,

Dated:      December 27, 2013

_____

Normand J. Bergeron

Pro Se

P.O. Box 17029

Reno, NV  89511

Nberg6832@yahoo.com

(775) 250-3659