# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | | |
|---|---|---|
| NORMAND BERGERON, | ) | 3:13-cv-00625-MMD-WGC |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | re Docs. ## 13, 14, 15 and 17 |
| DEPARTMENT OF JUSTICE-BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES, | ) | |
| Defendant. | ) | |

Before the court is Plaintiff's "Memorandum of Points and Authorities in Opposition to Defendant's Motion to Dismiss and Request for Ruling on Motion for Vaughn Index" (Doc. # 13)[1]; Defendant's "Motion to Strike Plaintiff's Memorandum of Points and Authorities etc. (#13)" (Doc. # 14); Plaintiff's "Memorandum of Points and Authorities in Opposition to Defendant's Motion to Strike..." (Doc. # 15); and Defendant's "Reply Memorandum in Support of Motion to Strike [#14]." (Doc. # 17.)

Plaintiff filed a complaint (Doc. # 1), which was later followed by an amended Complaint (Doc. # 6). The Defendant answered the amended complaint. (Doc. # 12). In an apparent response to Defendant's answer, Plaintiff filed Doc. # 13, his "Memorandum of Points and Authorities in Opposition to Defendant's Motion to Dismiss and Request for Ruling on Motion for Vaughn Index." In actuality, this document appeared to be more of a reply to Defendant's answer, which is how Defendant characterized it in Doc. # 14.[2] As Defendant notes, no "motion to dismiss" was filed. What the court

---

[1] Refers to court's docket number.

[2] It also appears on the court's docket as a "response to answer."

gleans from page 5 of Plaintiff's memorandum (Doc. # 13) is that he takes issue with Defendant's assertion of certain affirmative defenses. The remainder of Plaintiff's memorandum is a discussion of Plaintiff's "FOIA" (Freedom of Information Act, 5 USC § 552) claims, which seemingly emanate from Plaintiff's "Motion for Vaughn Index and Memorandum of Points and Authorities." (Doc. # 9.)[3]

Defendant then moved to strike Plaintiff's motion/memorandum, arguing that the filing is a "reply to an answer" which is not cognizable under the Federal Rules of Civil Procedure. (Doc. # 14.)

Plaintiff then filed Doc. # 15, entitled Memorandum of Points and Authorities in Opposition to Defendant's Motion to Strike and Request to File Supplemental Pleading. Plaintiff explains he was under the impression Defendant's "prayer for relief" which requested "costs of suit incurred constituted a counter claim against the Plaintiff and therefore thought that a reply to an answer was justified." *Id.* at 4.)[4]

Defendant filed a reply memorandum (Doc. # 17) which pertained in part to Defendant's motion to strike. Defendant mainly reiterates the argument it asserted in its motion to strike.

Defendant is correct in that Plaintiff's memorandum (Doc. # 13) is in essence a reply to Defendant's answer. The Federal Rules do not provide for replies to answers. However, because of the discussion in Plaintiff's memorandum of the Vaughn Index issues, the court declines to strike this filing but will disregard it with respect to consideration of Defendant's answer to Plaintiff's amended complaint.

///

///

---

[3] The Motion for Vaughn Index (Doc. # 9) was filed before the Defendant appeared in this action. Defendant states that "[d]iscussions have been initiated with plaintiff regarding a proposed briefing schedule for this action, including a deadline for preparation of a Vaughn Index." (Doc. # 14 at 3, n. 1.) However, it does not appear any briefing schedule has been lodged on the court's docket.
    Plaintiff later filed what he styled as a "Reply Brief in Support of Plaintiff's Motion for Vaughn Index." (Doc. # 19.) As Plaintiff's "reply" notes, no opposition to Plaintiff's motion was filed. Plaintiff makes no reference to the Defendant's comment in Doc. # 14, filed approximately one month before Plaintiff's reply brief that the parties were in discussions about a briefing schedule for the Vaughn Index issue.
    The parties will be directed to address the Vaughn Index briefing and other matters pertinent to this case in a separate Case Management Order to be filed herein.

[4] Plaintiff's memorandum included a request to file a "supplemental pleading" which the clerk logged in separately as Doc. # 16. Defendant's reply memo (Doc. # 17) included an opposition to Plaintiff's request to file a supplemental pleading, which the clerk also logged in separately as Doc. # 18. These filings will be addressed in a separate order.

Defendant's motion to strike (Doc. # 14) is **DENIED AS MOOT.**

**IT IS SO ORDERED.**

DATED: June 10, 2014.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE

3