## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEVADA

_____

|  |  |  |
|---|---|---|
| NORMAND J. BERGERON | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 3:13-CV-00625 |
| | ) | |
| UNITED STATES OF AMERICA, et al. | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

_____)

### DECLARATION OF STEPHANIE M. BOUCHER,
### CHIEF, DISCLOSURE DIVISION
### BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES

I, Stephanie M. Boucher, do hereby depose and say:

     1. I am the Chief of the Disclosure Division, Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), Department of Justice (DOJ).  In this capacity, I receive all requests made of ATF under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, and the Privacy Act of 1974, 5 U.S.C. § 552a.  In this capacity, I am responsible for processing all FOIA and Privacy Act requests, supervising the determination of what records should be disclosed, processing all documents referred to ATF from other agencies, and recording all administrative appeals filed with ATF.

     2. I declare that the statements made herein are based on knowledge acquired by me through the performance of my official duties.  I am familiar with the procedures followed by this office in responding to nine (9) FOIA/Privacy Act requests made by Plaintiff, Mr. Normand J. Bergeron, between October 7, 2011 and May 14, 2013.  Three of those Requests are the subject of this litigation; they are ATF case numbers 12-867(Request #6), 12-1302 (Request #8),

and 13-1019 (Request #9).  Two other Requests are referenced in the complaint, ATF case numbers 12-46 (Request #1) and 12-235 (Request #5). However, four other Requests, ATF case numbers 12-200a (Requests #2), 12-200b (Request#3), 12-210 (Request #4) and 12-917 (Request #7) are not referenced in Plaintiff's complaint and are not the subject of this litigation.

## CHRONOLOGY

### I. REQUEST 12-46 (Request #1)

3. On October 7, 2011, Plaintiff submitted his first FOIA/Privacy Act request to ATF. Specifically, Plaintiff requested:

(a) Access to and copies of all records about himself, Normand J. Bergeron, and/or job announcement 11-ACP-124-ADB in ATF's possession;

(b) All information regarding the paneling of announcement 11-ACP-124-ADB, including but not limited to the total number of applicants received for announcement 11-ACP-124-ADB, the total number applicants referred to the selecting official for that announcement, the name of the selecting official(s); and

(c) Copies of all documents/correspondence (conventional and electronic) including emails from January 1, 2011 to present that reference  job announcement 11-ACP-124-ADB and/or his name (Normand J. Bergeron in several variations) and/or Reno RAC position, and/or the Reno Field Office between but not limited to 12 alleged ATF individuals.  See Exhibit A, request from Plaintiff dated October 7, 2011.

4. By letter dated October 25, 2011, the Disclosure Division acknowledged receipt of Plaintiff's first request dated October 7, 2011.  The first request was received on October 11,

2011, and it was assigned ATF case number 12-46.  See Exhibit B, letter from ATF dated October 25, 2011.

5. By letter dated November 14, 2011, the Disclosure Division advised Plaintiff that ATF's Human Resource (HR) file for vacancy announcement 11-ACP-124-ADB was not closed; therefore, disclosure determinations regarding responsive material could not be made at that time.  The letter informed Plaintiff that once a selection is made and the HR file is closed, he, Plaintiff, could send ATF a new request for the information.  Furthermore, the Disclosure Division informed Plaintiff that if he deemed our response to be a denial, he could submit a request for an administrative appeal to the Department of Justice, Office of Information Policy (OIP).  See Exhibit C, letter dated November 14, 2011.

6. On November 18, 2011, Plaintiff appealed the Disclosure Division's response in case number 12-46 to OIP, and OIP assigned the appeal case number AP-2012-00716.  See Exhibit D, Plaintiff's appeal letter to OIP dated November 18, 2011.

7. By letter dated February 14, 2012, OIP determined that Plaintiff's appeal to ATF's actions in case number 12-46 (Request #1) was moot because ATF responded to Plaintiff's request on January 4, 2012, under a subsequent ATF case numbered 12-235 (Request #5), *see infra,* paragraph 18.

8. Before OIP closed its appeal file numbered AP-2012-00716, OIP advised Plaintiff that if he was dissatisfied with ATF's response on January 4, 2012, Plaintiff's appeal must be received by OIP within sixty days of February 14, 2012.  See Exhibit E, OIP's letter to Plaintiff under AP 2012-00716, dated February 14, 2012.

## II. REQUEST 12-200(a) (Request #2)[1]

9. By letter dated November 18, 2011, the Disclosure Division received a second FOIA/Privacy Act request from Plaintiff.  The second request was received on November 23, 2011, and it was assigned ATF case number 12-200, hereafter referred to as 12-200(a) (Request #2).  In the second request, Plaintiff specifically sought:

(a)  Access to and copies of all records about himself, Normand Bergeron, in the agency's possession;

(b)  Copies of all emails from January 1, 2011 to present that include Plaintiff's name, in several variations, in full or in part from, to, and between eleven (11) alleged ATF employees.

See Exhibit F, FOIA/Privacy Act request dated November 18, 2011.

## III. REQUEST 12-200(b) (Request #3)[2]

10. By letter dated November 21, 2011, the Disclosure Division received a third FOIA/Privacy Act request from Plaintiff.  The third request was received on November 29, 2011, and it was assigned ATF case number 12-200 also, hereafter referred to as 12-200(b) (Request #3).  In the third request, Plaintiff specifically requested:

(a)  Access to and copies of all emails from January 1, 2011 to present that are from, to, and/or between six (6) alleged ATF individuals that include in the subject and/or body of the email and/or address line Sue P. Fahami and/or Daniel Bogden or any parts of these names.

See Exhibit G, FOIA/Privacy Act request dated November 21, 2011.

---

[1] This particular request was not included in Plaintiff's complaint.
[2] This particular request was not referenced in Plaintiff's complaint.

## IV. REQUEST 12-210 (Request #4)[3]

11. In a second letter dated November 21, 2011, the Disclosure Division received a fourth FOIA/Privacy Act request for information from Plaintiff.  In the fourth request, Plaintiff sought:

(a) Access to and copies of all records about himself in ATF's possession;

(b) Copies of all emails from January 1, 2011, to present that include Plaintiff's name, in full or in part, and in several variations from, to, and between three (3) alleged ATF employees.

See Exhibit H, FOIA/Privacy Act request dated November 21, 2011.

12. In a letter dated December 9, 2011, the Disclosure Division acknowledged receipt of Plaintiff's fourth request for FOIA/Privacy Act information.  The fourth request was received on November 29, 2011, and it was assigned ATF case number 12-210 (Request #4).  See Exhibit I, ATF's acknowledgment letter to Mr. Bergeron dated December 9, 2011.

## V. REQUEST 12-235 (Request #5)

13. By letter dated November 29, 2011, the Disclosure Division received Plaintiff's fifth FOIA/Privacy Act request.  Under his fifth request for information, Plaintiff again sought information regarding the vacancy announcement 11-ACP-124-ADB, including:

(a) Access to and copies of all records about himself, Normand J. Bergeron, and/or job announcement 11-ACP-124-ADB in ATF's possession;

(b) All information regarding the paneling of announcement 11-ACP-124-ADB, including but not limited to the total number of applicants received for announcement 11-ACP-124-ADB,and the total applicants referred to the selecting official for this announcement;

---

[3] This particular request was not referenced in Plaintiff's complaint.

(c)  Documentation that relates to the delay in boarding this job announcement,

extensions that were filed to the best qualified list, and the name of the selecting

official(s); and

(d)  Copies of all documents/correspondence (conventional and electronic) including

emails from January 1, 2011, to present that reference job annoucement 11-ACP-

124-ADB and/or his name, Normand J. Bergeron, in several variations, and/or the

Reno RAC position, and/or the Reno Field Office between but not limited to thirteen

(13) alleged ATF employees.  See Exhibit J, FOIA/Privacy Act request dated

November 29, 2011.

14. By letter dated December 9, 2011, the Disclosure Division acknowledged the

Plaintiff's fifth request.  The fifth request was received on December 1, 2011, and it was

assigned ATF case number 12-235 (Request #5).  See Exhibit K, ATF's acknowledgment letter

dated December 9, 2011.

**RESPONSE TO REQUESTS:  12-200(a) (#2), 12-200(b)(#3),
12-210 (#4), and 12-235 (#5)**

15. By letter dated January 4, 2012, the Disclosure Division responded to Plaintiff's

FOIA/Privacy Act requests under ATF case numbers 12-200(a) (Request #2), 12-200(b)

(Request #3), 12-210 (Request #4), and 12-235 (Request #5).  Fifty-two (52) pages of responsive

information was reviewed and processed.  Of that, approximately forty-one (41) pages were

released in full or in part, and eleven (11) pages were withheld  in full.  Information was

withheld under FOIA exemptions (b)(2), (b)(5), and (b)(6).  Plaintiff was also informed of his

right to file an administrative appeal to OIP.  See Exhibit L, ATF response letter dated January 4,

2012.

16. In regards to ATF case number 12-200(b) (Request #3) by letter dated January 4, 2012, ATF informed Plaintiff that a Federal agency cannot release information to a third-party requester without prior written consent from the subject of the record; and the Disclosure Division would begin a search for any existing responsive records regarding named third parties, Sue P. Fahami and Daniel Bogden, only after signed waivers were provided for those individuals.  Plaintiff failed to provide signed waivers from Sue P. Fahami and Daniel Bogden; therefore, the Disclosure Division considered all issues regarding that particular request to be closed.  Plaintiff did not appeal ATF's decision in 12-200(b) (Request #3).  See Exhibit L.

17. Moreover, in the response letter, ATF informed Plaintiff that with respect to request 12-210 (Request #4) and 12-200(a) (Request #2) we assumed, based on a conversation Plaintiff had with an ATF Disclosure Specialist, that Plaintiff was interested in accesssing emails that concerned himself and/or job announcement 11-ACP-124-ADB.  We further informed Plaintiff that "if we are wrong in our assumption you may send a new request(s) clarifying what you are seeking."  See Exhibit L.

18. By letter dated July 5, 2012, OIP closed its appeal file regarding ATF case number 12-46 (Request #1) for the second time.  OIP stated that Plaintiff's second attempt at appealing ATF's response dated January 4, 2012, which is labeled ATF case number 12-235, was not filed in a timely manner.  OIP received the second appeal on May 25, 2012, more than a month past the specified deadline for filing an appeal.  See Exhibit E, OIP's letter to Plaintiff under Appeal No. AP-2012-00716, dated February 14, 2012, and Exhibit M, OIP's letter to Plaintiff under Appeal No.AP-2012-02670, dated July 5, 2012.

**VI. REQUEST 12-867 (Request #6)**

19. By letter dated May 22, 2012, the Disclosure Division received Plaintiff's sixth FOIA/Privacy Act request. The sixth request was received on May 24, 2012, and it was assigned ATF case number 12-867 (Request #6). This request for information contained five distinct parts. In parts I-IV, Plaintiff requested the information regarding job vacancy announcements numbered: 11-ACP-124-ADB,  12-ACP-015-ADB, 12-ACP-037-ADB, 11-ACP-136-ADB, 11-ACP-137-ADB, and 12-ACP-023-ADB. The information requested for each job announcement was substantially the same, Plaintiff requested:

(a) Access to and copies of all records about himself, Normand J. Bergeron, and/or job announcement, or job announcement number listed above in ATF's possession;

(b) All information regarding the paneling of announcement of each job announcement listed above, including but not limited to, the total number of applicants received for each announcement and the total number of applicants referred to the selecting official for each announcement;

(c) Documentation that relates to delay in boarding each job announcement, extensions that were filed to the best qualified list, and the name of the selecting official(s); and

(d) Copies of all documents or correspondence (conventional and electronic) including emails from January 1, 2011, to present that reference each job announcement listed above and/or his name, Normand J. Bergeron, in several variations, and the selecting official's name, and/or  the position or the field office name, between but not limited to certain alleged ATF individuals.

(e) Plaintiff requested emails from twenty (20) named individuals for job announcement 11-ACP-124-ADB; Plaintiff requested emails from twelve (12) named individuals for

job announcement 12-ACP-015-ADB and/or 12-ACP-037-ADB;  Plaintiff requested

emails from ten (10) named individuals for job announcement 11-ACP-136-ADB

and/or 11-ACP-137-ADB; and finally, Plaintiff requested emails from fourteen (14)

named individuals for job announcement 12-ACP-023-ADB.

20. In part V of ATF case number 12-867 (Request #6), Plaintiff's specifically requested:

All emails about himself, Normand J. Bergeron, that reference his name, in any variation,

between 21 named individuals.  See Exhibit N, Plaintiff's sixth FOIA/Privacy Act request dated

May 22, 2012.

21. By letter dated June 22, 2012, the Disclosure Division informed the Plaintiff that we

estimate the processing fee to be $329.00, and we will begin processing parts II-IV.  Our

estimate was based on the fact that a search alone will expend 8.5 hours of search time.  We also

provided Plaintiff with information regarding specific fees applicable to an "all other requester,"

meaning the applicable search fees for Plaintiff included search and duplication fees.  Moreover,

the Disclosure Division informed Plaintiff that it previously responded to part I of this request,

regarding vacancy announcement 11-ACP-124-ADB, on January 4, 2012, under ATF case

number 12-235 (Request #5).[4]  See Exhibit O, letter to Plaintiff dated June 22, 2012.

22. By letter dated June 29, 2012, Plaintiff sent a check for $329.00 via FedEx.  The

Disclosure Division received Plaintiff's check on July 2, 2012.  See Exhibit P, FedEx slip dated

July 3, 2012.

23. On October 11, 2012, the Disclosure Division responded to parts II-IV of Plaintiff's

FOIA/Privacy Act request in ATF's case numbered 12-867 (Request #6),  acknowledged receipt

of Plaintiff's check in the amount of $329.00 for processing fees, and provided Plaintiff with an

---

[4] Plaintiff failed to appeal ATF case number 12-235 (Request #5) in a timely fashion to OIP;
therefore, the Disclosure Division considered all issues regarding that particular request to be
closed. *Supra*, paragraph 18.

invoice for details concerning payment of fees. ATF waived $74.30 of Plaintiff's applicable fees. See Exhibit Q letter and invoice from ATF dated October 11, 2012.

24. In the October 11, 2012, letter, the Disclosure Division released 331 pages of responsive information in full or in part and withheld eighty-three (83) pages in full. The Disclosure Division also informed Plaintiff that part V of his request under ATF case number 12-867 (Request #6) was too broad and not specific enough to conduct a search for existing responsive information. A search under such broad terms in an electronic environment would cause significant interference with the operations of ATF's automated information systems, be overly burdensome and costly because Plaintiff is a current ATF employee, whose name may appear on emails in several contexts completely unrelated to the primary focus of his FOIA requests, i.e. vacancy announcements; therefore, we can reasonably assume that Plaintiff's name would come up frequently in emails. However, the Disclosure Division informed Plaintiff that if Plaintiff could provide additional limiting search terms, then the Disclosure Division would be better equipped to conduct the requested search of the twenty-one (21) employee mailboxes.[5] See Exhibit Q.

25. On December 3, 2012, Plaintiff appealed ATF's response letter dated October 11, 2012, to OIP. See Exhibit R, letter dated December 3, 2012.

26. On March 20, 2013, OIP advised Plaintiff that they were remanding Plaintiff's request under ATF case number 12-867 (Request #6), Appeal No. AP-2013-01141, to ATF for further processing of a portion of the responsive records, but they were otherwise affirming ATF's action on the request. OIP further advised, if ATF determines that additional records are releasable, then ATF will send them to Plaintiff directly, subject to any applicable fees. See Exhibit S, OIP's letter to Plaintiff dated March 20, 2013.

_____

[5] There is no record that Plaintiff sent the Disclosure Division additional limiting search terms.

27. On March 20, 2013, OIP remanded request ATF case number 12-867 (Request #6), under AP-2013-01141, to ATF for further processing. Upon remand, ATF was instructed to reprocess all information withheld under (b)(2) and to release the name of the HR Contact where it was listed publicly on the ATF website job announcement. ATF was also instructed that third party names should otherwise remain redacted. See Exhibit T, memorandum from OIP dated March 20, 2013.

28. By letter dated July 24, 2014, the Disclosure Division informed Plaintiff that we have reprocessed responsive documents in ATF case number 12-867 (Request #6) pursuant to OIP's remand letter, Appeal No. AP-2013-01141. In the July 24, 2014 release, each FOIA exemption was now clearly marked and each page clearly indicated whether the page was being released in full (RIF) or released in part (RIP). For clarity, where pages were withheld in their entirety, a deletion sheet was included noting the reason for the withholding. Beyond the scope of OIP's remand letter, the Disclosure Division also reevaluated the material withheld under FOIA exemption (b)(5) for foreseeable harm. The Disclosure Division determined that this material could be released. See Exhibit U, ATF letter to Plaintiff dated July 24, 2014.

29. As a result of the reprocessing, 414 pages were reviewed, 285 pages were released in full or in part and 129 pages were withheld in full; and no information was withheld under FOIA exemption (b)(2). ATF withheld a significant number of pages under (b)(6) as the information withheld related to resumes and other personal information of third parties, specifically applicants who are also ATF employees. ATF did not receive a Privacy Act waiver for any of the other applicants/employees referenced in the disclosure or the *Vaughn* Index. See Exhibit V, *Vaughn* Index.

## VII. REQUEST 12-917 (Request #7)[6]

30. By letter dated June 12, 2012, the Disclosure Division received the Plaintiff's seventh FOIA/Privacy Act request.  The seventh request for information contained three distinct parts.  In the seventh request, Plaintiff  sought the following information:

(a)  Copies of all records including electronic and/or emails about job announcement 11-ACP-165-ADB, and all information regarding the paneling of announcement 11-ACP-165-ADB, including but not limited to, the total number of applications received, the total number of applications referred to the selecting official, documentation (including emails) that relate to drafting the job announcement, and the name of the selecting official(s).

(b)  Copies of all records including electronic and/or emails about the job announcement for a Special Agent in Charge in the Undercover Branch (selection was announced 9/21/2011); and all information regarding the paneling of the job announcement, including but not limited to, the total number of applications received, the total number of applications referred to the selecting official, documentation (including emails) that relate to drafting the job announcement, and the name of the selecting official(s).

(c)  Copies of all records including electronic and/or emails about the development and announcement of the 2011 Assessment Center, including documents relating to the subsequent cancellation of the 2011 Assessment Center.

See Exhibit W, FOIA/Privacy Act request dated June 12, 2012.

31. By letter dated June 20, 2012, the Disclosure Division acknowledged Plaintiff's seventh request for information.  The seventh request was receieved on June 15, 2012, and it was

---

[6] This particular request was not referenced in Plaintiff's complaint.

assigned ATF case number 12-917 (Request #7). See Exhibit X, ATF's acknowledgment letter dated June 20, 2012.

32. By letter dated September 11, 2012, the Disclosure Division responded to Plaintiff's request. ATF disclosed twenty-seven (27) pages in full or in part and withheld nine (9) pages in full. We also provided Plaintiff with instructions regarding his right to appeal the release to OIP. See Exhibit Y, response letter from ATF dated September 11, 2012.[7]

### VIII. REQUEST 12-1302 (Request #8)

33. By letter dated August 14, 2012, Plaintiff filed his eighth FOIA/Privacy Act request. The eighth request was received on August 17, 2012, and it was assigned ATF case number 12-1302 (Request #8). He specifically requested that "FOIA request 12-46 [Request #1] and part one of FOIA request 12-867 [Request #6], regarding job announcement 11-ACP-124 be re-looked at taking into account OIP's guidance regarding exemption 2." Plaintiff also agreed to pay fees incurred while copying the documents up to the amount of $100.00. See Exhibit Z, FOIA/Privacy Act request dated August 14, 2012.

34. By letter dated September 19, 2012, the Disclosure Division responded to Plaintiff's eighth FOIA/Privacy Act request dated August 14, 2012. After reviewing the request for information regarding vacancy announcement 11-ACP-124-ADB, the Disclosure Division determined that it was a new request even though it was very similar to three prior requests, ATF case number 12-46 (Request #1), 12-235 (Request #5), and part one of 12-867 (Request #6). The Disclosure Division informed Plaintiff that we had originally responded to the substance of this request on January 4, 2012 under ATF case number 12-235 (Request #5) and Plaintiff failed to appeal that response in a timely fashion. *Supra,* paragraph 18.

---

[7] Plaintiff did not appeal ATF's decision in ATF case number 12-917 (Request #7).

35. Nonetheless, on September 19, 2012, the Disclosure Division re-released the information previously provided under ATF case number 12-235 (Request #5) as responsive to this request, ATF case number 12-1302 (Request #8).  The responsive information released to Plaintiff consisted of 52 pages of information, of which, forty-one 41 pages were released in full or in part, and eleven (11) pages were withheld in full.  See Exhibit AA, ATF's letter dated September 19, 2012.

36. On or about October 13, 2012, Plaintiff appealed ATF's response to ATF case number 12-1302 (Request #8) to OIP.  We understand that Plaintiff's appeal in ATF case number 12-1302 (Request #8) was assigned Appeal No. AP-2013-00527.

37. By memorandum dated November 7, 2013, OIP remanded the administrative appeal for ATF case number 12-1302 (Request #8), Appeal No. AP-2013-00527 to ATF with the following instructions:

> (a) Please make supplemental release of the portions of records withheld under FOIA exemption (b)(5) on pages 27 and 28; and,

> (b) Please reconsider each withholding made pursuant to FOIA exemption (b)(2) and release the information unless ATF can articulate a foreseeable harm.

See Exhibit BB, memorandum from OIP to ATF dated November 7, 2013.

38. By letter also dated November 7, 2013, OIP informed Plaintiff that after careful consideration of his appeal, OIP was remanding the matter, ATF case number 12-1302 (Request #8), for further processing of certain responsive records.  If ATF determines that additional records are releasable, then ATF will send them to Plaintiff directly, subject to any applicable fees.  OIP's letter further explained that ATF properly withheld information, which is protected under 5 U.S.C. § 552(b)(5) and (b)(6).  OIP also informed Plaintiff that the Office of

Government Information Services (OGIS) offers mediation services to resolve disputes between FOIA requesters and Federal agencies as a non-exclusive alternative to litigation. See Exhibit CC, OIP's letter to Plaintiff dated November 7, 2013.

39. By letter dated March 28, 2014, the Disclosure Division informed Plaintiff that we reprocessed responsive documents in ATF case number 12-1302 (Request #8) pursuant to OIP's remand letter, Appeal No. AP-2013-00527. See Exhibit DD, letter to Plaintiff dated March 28, 2014.

40. In the March 28, 2014 release, each FOIA exemption was clearly marked and each page clearly indicated whether the page was being released in full (RIF) or released in part (RIP). For clarity, where pages were withheld in their entirety, a deletion sheet was included noting the reason for the withholding. As a result of the remand and reprocessing, forty-seven (47) pages were released in full or in part, only five (5) pages were withheld in full, and no information was withheld under FOIA exemption (b)(2) or (b)(5). Thus, ATF released six (6) additional pages in full or in part and released information previously withheld under FOIA exemption (b)(2) or (b)(5). See Exhibit V, *Vaughn* Index.

### IX. REQUEST 13-1019 (Request #9)

41. By letter dated May 14, 2013, Plaintiff submitted his ninth and final FOIA/Privacy Act request to the Disclosure Division. Through that request, Plaintiff sought copies of all documents, files created, handwritten notes, emails, and other records both traditional and electronic pertaining to an issue investigated by the ATF Ombudsman's Office on his behalf involving job announcement 11-ACP-124-ADB and other issues. Plaintiff specifically requested emails and documentation of conversations between ATF employee Robin McBeth (Human Resources Division) and certain members of ATF's Ombudsman Office during the period of

March 2012 to August 2012.  Plaintiff requested documentation from, to, and between five named individuals, and he agreed to pay reasonable fees incurred in the copying of these documents up to $250.00.  See Exhibit EE, copy of Plaintiff's ninth request dated May 14, 2013.

42. By letter dated June 13, 2013, the Disclosure Division acknowledged Plaintiff's ninth request.  The ninth request was received on May 21, 2013, and it was assigned ATF case number 13-1019 (Request #9).  See Exhibit FF, copy of ATF's acknowledgment letter dated June 13, 2013.

43. By letter dated October 28, 2013, the Disclosure Division responded to Plaintiff's ninth request by informing him that a search of our records failed to produce the requested information.  We explained, "This is not a denial; rather it is to advise you that we are unable to locate records based on the information provided."  See Exhibit GG, letter dated October 28, 2013.

44. In the October 28, 2013, response letter, the Disclosure Division also informed Plaintiff that, with respect to any responsive emails from or to ATF employee, Steve K. Martin (one of the named five (5) individuals in Plaintiff's ninth request), concerning an Ombudsman's investigation, we determined that any search that needs to be done would be very extensive cumbersome, expensive, and would cost much more than the amount Plaintiff originally agreed to pay, which was $250.00.  To search retired ATF employee Steve K. Martin's email account, the Disclosure Division estimated the total cost would be $1,600.00.  That would include sixteen (16) hours of search time at a cost of $100.00 per hour.[8]  The Disclosure Division informed Plaintiff that if he was interested in this additional search, then Plaintiff should forward a pre-

---

[8] Since Steve K. Martin was retired at the time of Plaintiff's request, the Disclosure Division could not ask him to search his emails for responsive records and had to rely on ATF's Office of Science and Technology to perform the search.  Department of Justice regulations allow ATF to charge the requester for the direct costs of conducting a computer search.  See 28 C.F.R. §16.11(c)(1)(iii).

payment of $1,600.00 along with a new request informing the Disclosure Division of his intention.  In closing, the Disclosure Division informed Plaintiff that if he disagreed with ATF's determination, he could appeal administratively to OIP.  See Exhibit GG.

45. On November 6, 2013, Plaintiff appealed ATF's response in ATF case number 13-1019 (Request #9) to OIP stating that he did not believe ATF completed a thorough search for responsive documents.  Additionally, Plaintiff questioned ATF's request for $1,600.00 in computer search fees to search for emails to and from retired ATF employee Steve K. Martin regarding an Ombudsman's Office investigation concerning job announcement 11-ACP-124-ADB.  Plaintiff argued that ATF's estimate regarding the amount of time needed to conduct the search and the cost associated with this search seemed excessive.  See Exhibit HH, copy of Plaintiff's appeal to OIP under OIP number Appeal No. AP-2014-00354 dated November 6, 2013.

46. By letter dated January 31, 2014, OIP informed Plaintiff that inasmuch as this matter is now before the Court, OIP is closing the appeal in ATF case number 13-1019 (Request #9), under AP-2014-00354, in accordance with 28 C.F.R. § 16.9(a)(3).  See Exhibit II, OIP's letter to Plaintiff dated January 31, 2014.

## X. RECEIPT OF COMPLAINT

47. Plaintiff's complaint challenges the responses to three of his nine requests; ATF case numbers 12-867 (Request #6), 12-1302 (Request #8), and 13-1019 (Request #9).  Upon receipt of the  complaint, ATF's Office of Chief Counsel, along with the Disclosure Division enlisted the assistance of  ATF's Office of Science and Technology to conduct a computerized search for responsive information in the email mailboxes of twenty-four 24 named employees in  ATF case numbers 12-867 (Request #6) and 12-1302 (Request #8)). This computerized search of employee

mailboxes was done to ensure that a thorough search was conducted for responsive information. While burdensome and costly, this search was completed on August 28, 2014. ATF spent at least 120 hours of manpower conducting this search. As a result of this search, we estimate there to be at least 740 potentially responsive pages. The Disclosure Division will be reviewing each of these pages for responsiveness and will provide the disclosable portions of those emails to Plaintiff. Upon the conclusion of the review and processing, a second declaration will be provided to the Court documenting these efforts.

## ADEQUACY OF SEARCH[9]

48. Plaintiff's FOIA and Privacy Act requests focused on several vacancy announcements for Supervisory Special Agents. ATF's Merit Promotion Board (MPB) is the selecting authority for all Supervisory Special Agent/Criminal Investigator positions grades 14 and 15. Within ATF, the Chair of the Merit Promotion Board serves as the Selecting Official, who is responsible for overseeing the selection of Supervisory Special Agents as part of ATF's overall HR program. Supervisory Merit Promotion Cases are managed by employees under the Human Resources and Professional Development (HRPD) Directorate, which oversees the Human Resources Operations Division (HROD), where the Chair of the Merit Promotion Board resides. Similarly, employees of HRPD have the responsibility to document and maintain the Merit Promotion Case File Checklist, and other required documentation to allow for reconstruction of the case, if necessary. For these reasons, the Disclosure Division determined that HRPD was the Directorate most likely to have responsive records.

---

[9] The recent search conducted and completed on August 28, 2014 for emails in ATF case numbers 12-867 (Request #6) and 12-1302 (Request #8) is outside the scope of this section. That search will be detailed in a future declaration after review and processing has been completed.

49. For each of the job announcements referenced in Plaintiff's FOIA/Privacy Act requests, ATF case numbers 12-1302 (Request #8) and 12-867 (Request #6), HRPD conducted a search and provided the Disclosure Division with the corresponding ATF's Merit Promotion Board File which contains the following information, where applicable: (1) E-RECRUIT request number; (2) Position description for each grade level with Position Description Form, OF-8, signed and dated by all parties; (3) Copy of applicable Office of Personnel Management (OPM) qualification standards; (4) Copy of job opportunity announcement (JOA) from USAJOBS with control number, including the opening/closing dates; (5) Copy of original applicant listing with scores; (6) Non-Competitive Reassignment Eligible copy of Certificate of Eligibles issued to the Selecting Official with expiration date documented; (7) Due date for return of Certificate; (8) Copy of notification letters (with list of recipients attached) for all candidates referred; (9) Other special or pertinent information; (10) Copy of notification letters (with list of recipients attached) for all candidates referred but not selected; (11) Copy of selectee's application package with Standard Form-52; (12) Print screen showing that the certificate was audited within 5 days of selection; (13) Copy of the Merit Checklist completed, signed and dated by the HR Specialist; and JOA number log properly documented, including the open and close dates, the HR Specialist's name, and the selectee's name.

50. In addition, the Disclosure Division initiated a search for responsive information by sending a copy of the requests, ATF case numbers 12-235 (Request #5), later referred to as 12-1302 (Request #8)[10], and 12-867 (Request #6) to some of the named employees referenced in the requests. Per the instructions of the Disclosure Division, each recipient of the search was tasked to search their records for responsive information and respond back to the Disclosure Division.

[10] ATF case number 12-235 (Request #5) is later referred to as ATF case number 12-1302 (Request #8)because ATF case number 12-1302 (Request #8) was substantively the same request as ATF case number 12-235 (Request #5). *Supra,* paragraph 34.

51. As a result of the searches described in paragraphs 48 through 50, all known responsive information has been processed and appropriate information was released in the Disclosure Division's response letters to Plaintiff dated March 28, 2014 (under ATF case number 12-1302 (Request #8)) and July 24, 2014 (under ATF case number 12-867 (Request #6)).

53. Finally, with respect to ATF case number 13-1019 (Request #9), the Ombudsman's Office investigation, The ATF Ombudsman responded to the request to search for responsive information by essentially stating the following:

> Since the mission of the Ombudsman's Office is to provide an informal process, we do not keep or maintain any client records, other than aggregate reporting data that does not mention or delineate between clients, no names are used in this aggregate data. With that, we do not have any records regarding Mr. Bergeron maintained in our office.

See Exhibit JJ, email dated June 26, 2013.

52. Also in regards to ATF case number 13-1019, ATF employee Robin McBeth of HRPD was asked to search for responsive information. HRPD informed the Disclosure Division that Robin McBeth conducted a search and did not find any responsive information. See Exhibit KK, email dated July17, 2013.

53. ATF employee Steve K. Martin was retired when Plaintiff's request was received by ATF; therefore, the Disclosure Division offered to search Steve K. Martin's email at the cost estimated by the ATF's Office of Science and Technology (OST); but Plaintiff refused to pay the cost of a computerized search of Steve K. Martin's email in ATF case number 13-1019 (Request #9); instead, Plaintiff appealed the request for payment to OIP in AP-2014-00354, *Supra*, paragraphs 46, and Exhibit FF.

54. With any FOIA request, the fact that ATF did not locate any agency records does not cast doubt on an otherwise reasonable search.  This is particularly true with respect to ATF case number 13-1019 (Request #9) because (1) the Ombudsman's Office stated they intentionally do not keep such records, (2) Robin McBeth of HRPD stated she did not locate any responsive documents, and (3) Steve K. Martin's emails were not searched because Plaintiff refused to pay the cost of the search.

55. In this case, which is focused on ATF case numbers 12-1302 (Request #8), 12-867 (Request #6) and 13-1019 (Request #9), at the time the relevant requests were received, the Disclosure Division identified the location where the responsive records reasonably could be expected to be located and searched those records for responsive information.  For ATF case numbers 12-1302 (Request #8) and 12-867 (Request #6), the MPB file is the most likely place where responsive records could be found; for ATF case number 13-1019 (Request #9), the Ombudsman's Office, Robin McBeth's email inbox, and Steve K. Martin's email inbox would be the most likely places where responsive records could be found.  However, it is unlikely that responsive records will ever be found in ATF case number 13-1019 (Request #9) from the Ombudsman's Office, because for the purpose of anonymity, that office specifically does not keep records by client name.  As stated in paragraph 52, Robin McBeth did not locate any responsive records.

## **SEGREGABILITY**

56. My staff reviewed each page of the material identified as responsive to determine whether all non-exempt, reasonably segregable information was released to Plaintiff.  As a result of this review, it has been determined that all available non-exempt, reasonably segregable information has now been provided to Plaintiff.

57. In this case, a *Vaughn* Index has been prepared which reflects FOIA exemptions taken by ATF on the documents in question in ATF case numbers 12-1302 (Request #8) and 12-867 (Request #6).  See Exhibit V, *Vaughn* Index.

## FOIA EXEMPTION (b)(5)
## DELIBERATIVE PROCESS

58. FOIA exemption (b)(5) provides for an agency to be free from mandatory disclosure of "inter-agency memoranda or letter which would not be available by law to a party other than an agency in litigation with the agency."  These are items that are pre-decisional in nature.

59. Pursuant to FOIA exemption (b)(5), the Disclosure Division withheld an opinion/recommendation provided by a subordinate ATF employee to an ATF senior executive, in an email dated April 4, 2012.  The opinion/recommendation was offered in response to a question concerning whether a new selectee, any selectee, may withdraw his application after he has been selected, but before the transfer agreement is signed.

60. The subordinate ATF employee provided their frank opinion/recommendation in response to the ATF senior executive, and offered to have someone do more research on the issue.

61. If this recommendation/opinion were exposed to public scrutiny, such a release would have the effect of inhibiting the free flow of recommendations or opinions of ATF lower level employees and ATF Special Agents during the decision making process that ATF senior executives must rely upon to make quality decisions.

62. Normally, to invoke the deliberative process privilege, an agency must show that the requested material meets two requirements:  it must be both deliberative and pre-decisional.

In this instance, the Disclosure Division reviewed the material withheld under FOIA exemption (b)(5) and recognized that it was both pre-decisional and deliberative.

63. Under FOIA exemption (b)(5), the deliberative process privilege protects documents reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decision and polices are formulated; it also protects interpretations of an agency policy or procedure or law.  In this instance, the requested material is pre-decisional, at the time the question was asked, the ATF senior executive clearly had not yet decided whether the withdrawal of the application by the selectee was acceptable or not.

64. Material is also deliberative if it reflects the give-and-take of the consultative process because information would not flow freely within an agency or between governmental agencies if such consultative information were open to public scrutiny.

65. The requested material is also deliberative in that this opinion/recommendation offered by a subordinate ATF employee reflects the give-and-take of the consultative process within ATF and it's disclosure would have a chilling effect on communication within the agency.

66. If ATF subordinates employees cannot provide ATF senior executives with their frank opinions or recommendations in response to questions, as the ATF subordinate employee did here, without risking public scrutiny, then it will have the chilling effect on the consultative process that exemption (b)(5) was designed to avoid.

67. For these reasons, the Disclosure Division determined that the opinion/recommendation of the employee should be withheld under FOIA exemption (b)(5).

**FOIA EXEMPTION (b)(6)**
**UNWARRANTED INVASION OF PERSONAL PRIVACY**

68. The Disclosure Division is claiming FOIA exemption (b)(6) for names and personal identifying information because ATF believes that the names and identifying information of third parties, not the requestor, in an ATF file, particularly a personnel file, or vacancy announcement file, warrant protection under FOIA exemption (b)(6). Pursuant to FOIA exemption (b)(6), the Disclosure Division withheld:

➢ The names of ATF Federal law enforcement agents, as well as information by which those individuals could be identified, and

➢ The names of lower level ATF Federal law enforcement employees, such as employees in HRPD and Special Agents, as well as their initials and other information by which those individuals could be identified, including:

  ➢ Applicant/employee Profile Numbers;[11]

  ➢ Agent Assessment Center Profiles and scores on leadership competencies

  ➢ All Applicant Data Report

  ➢ Answers to eligibility questions by applicants/employees;

  ➢ Resumes of applicants/employees who are ATF Special Agents;

  ➢ Applicant/Employee Veteran Preferences;

  ➢ Residence addresses of ATF applicants/employees;

  ➢ Email and SIPRnet addresses of ATF employees;

  ➢ Work, cell, and fax phone numbers of HRPD and other ATF employees;

  ➢ User names and passwords of ATF employees.

---

[11] To preserve the anonymity of applicants during the selection process, ATF assigned a unique Profile Number to each applicant seeking a supervisory Special Agent position. All applicants for positions referenced in FOIA request 12-867(Request #6) and 12-1302 (Request #8) were also employees of ATF. Throughout this production, Profile Numbers are matched with applicant names; thus, identifying the applicant/employee.

69. FOIA exemption (b)(6) protects personal identifying information located in medical files and similar files, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy.

70. ATF believes vacancy announcement files, which contain a great deal of personal and employment information, are similar to personnel files and medical files and likewise warrant the protection of FOIA exemption (b)(6).

71. FOIA exemption (b)(6) requires a balancing of the individual's right to personal privacy against the public's interest in shedding light on an agency's performance of its statutory duties. The requester's identity, purpose in making the request, and proposed use of the requested information have no bearing on this balancing test.

72. The FOIA mandates that each requestor should be treated the same. As a result of his employment with ATF, Plaintiff may already know the names of the individuals we have protected. However, we are mindful that this is a public release and that no exceptions exist which would allow Plaintiff additional access to otherwise protected information. We believe the privacy protection afforded to lower level law enforcement employees under FOIA exemption (b)(6) must be applied in this instance.

73. The individuals whose identity we protected in the disclosed documents are not the requester.

74. Furthermore, Plaintiff presented no waivers that would permit release of any third-party individual's information.

75. Release of the identifying information requested, for an individual alleged to be an ATF Special Agent or employee is tantamount to releasing the actual name of an ATF Special Agent or employee.

76. By contrast, if the individuals named in the FOIA request are not ATF employees, and ATF discloses the requested information or its non-existence, ATF would be releasing information regarding third-parties without benefit of a privacy waiver and in violation of the Privacy Act of 1974.

77. Given the mission and the sensitive and dangerous nature of the work conducted by ATF, our employees become targets for harassment or attack by foreign and domestic enemies of the United States as well as international and domestic criminal elements.  In previous litigation, OPM has demonstrated that ATF employees have more than a *de minimus* privacy interest in the nondisclosure of their names and duty stations.

78. Release of the requested information could subject the alleged employees to ridicule, "annoyance or harassment in either their official or private lives."

79. Release of the identifying information listed above, such as ATF employees names, resumes, veteran preferences, answers to questionnaires, email addresses, work/cell/and fax phone numbers, of an individual alleged to be an ATF agent or employee could subject the alleged agents and employees to harassment and a clearly unwarranted invasion of that person's privacy by individuals previously investigated, arrested and/or prosecuted as a result of the ATF employee's actions or the actions of ATF.

80.  In this case, the applicants are Special Agents of ATF who have participated in the ATF Assessment Center for those seeking a promotion to GS Grade 14.  At the Assessment Center Special Agents are evaluated on their leadership skills in fourteen (14) areas or competencies such as:  Judgment and problem solving; General Investigative knowledge; and Knowledge of relevant laws and policy.  During the vacancies in question, an agent who was evaluated at the Assessment Center was given a unique identifying number called a "Profile Number"  to

preserve their anonymity of during the selection process.  ATF assigned a unique Profile Number to each employee seeking a supervisory Special Agent position. All applicants for positions listed in FOIA request 12-867 and 12-1302 were also employees of ATF. Throughout this production, Profile Numbers were matched with the applicant's name; thus, the Profile Number would identify the applicant/employee just as his or her name would identify them.

81. An applicant's Assessment Profile Number represents their particular scores on the leadership competencies. The Disclosure Division withheld applicant Profile Numbers and Assessment Center scores of third party applicants/employees.

82.  An All Applicant Data Report includes the residential address for each Special Agent/applicant and their associated resume which includes any law enforcement work history and other personal identifying information. The Disclosure Division withheld this information also under exemption (b)(6) because it is identifying information which could expose the Agent to  potential harassment.

83. On balance, the  Disclosure Division determined that the  substantial privacy interest, which is protected by withholding this information, outweighs any minimal public interest that would be served by its release.  Such a release would be "clearly unwarranted" under 5 U.S.C. § 552(b)(6).

84. As noted, Plaintiff provided no Privacy Act waivers for any third party individuals. Therefore, the names and other personal identifying information were redacted pursuant to FOIA exemption (b)(6).

85. Revealing this information is unlikely to add to the public's understanding of how an agency works or how well it performs its duties.  On balance, the Disclosure Division determined that the substantial privacy interest, which is protected by withholding this

information, outweighs any minimal public interest that would be served by its release.  Such a release would be "clearly unwarranted" as required by 5 U.S.C. § 552(b)(6).

86. Finally, in the second release of the documents reprocessed pursuant to OIP remand letters, ATF released the name of the Selecting Official for the Merit Promotion Board as well as the names of all Senior Executive Service employees in the disclosed documents.  In compliance with instructions from OIP, we also released the names and initials of lower level HRPD employees where they were disclosed in the actual job announcement on the Internet.  In all other documents, the names and other identifying information of lower level ATF employees and Special Agents were redacted pursuant to FOIA exemption (b)(6).

### Conclusion

87. ATF conducted a thorough search for all documents in the MPB file responsive to Plaintiff's FOIA/Privacy Act requests, ATF case numbers 12-1302 (Request #8) and 12-867 (Request #6).  ATF properly reviewed the information in question relating to Plaintiff's request for the greatest degree of access and properly withheld information pursuant to FOIA exemptions (b)(5) and (b)(6).

88. Recently,  ATF's Office of Science and Technology  restored the email mailboxes  of the twenty-four (24) ATF employees named in ATF case number 12-1302 (Request #8) and parts I-IV of ATF case number 12-867 (Request #6).  Plaintiff requested that we search for emails among, to, and between these individuals with respect to several different vacancy announcements and Plaintiff's name. As detailed in paragraph 47, the search process has been completed, but the review process has not yet begun. The Disclosure Division will review all responsive emails found and provide the disclosable portions of those emails to Plaintiff in accordance with FOIA and its applicable regulations.

I declare under penalty of perjury that the foregoing is true and correct.  Executed on this 2nd day of September, 2014.

_Stephanie M. Boucher_
Stephanie M. Boucher
Chief, Disclosure Division