1

2

3

4

## UNITED STATES DISTRICT COURT

5

## DISTRICT OF NEVADA

6

NORMAND BERGERON,

7

Plaintiff,

8

v.

9

DEPARTMENT OF JUSTICE-BUREAU OF
ALCOHOL, TOBACCO, FIREARMS and
EXPLOSIVES,

10

11

Defendant.

3:13-cv-00625-MMD-WGC

**<u>ORDER</u>**

12

## **I. BACKGROUND**

13

        This case is a challenge under the Freedom of Information Act (FOIA) to the decision of

14

the Department of Justice-Bureau of Alcohol, Tobacco, Firearms and Explosives (DOJ-ATF) to

15

withhold certain information in response to a FOIA request submitted by the plaintiff, Normand

16

Bergeron. Plaintiff requested the DOJ-ATF's records to determine if there were violations of

17

5 U.S.C. § 2302 (b)(6). (Doc. #1 at 2 ¶ 3.)[1] Furthermore, Plaintiff's complaint states that the

18

documents have a public interest because they may shed light on some of the tangential

19

circumstances surrounding the "rift" between the U.S. Attorney's Office and the Reno Office of

20

the ATF. (*Id.*)

21

        On May 27, 2015, the court held a status conference to discuss the status of the case

22

resulting in the court directing the parties to submit briefs as to the dispute. (Doc. #37.)

23

        Based on the Plaintiff's Memorandum (Doc. #39) and the Defendant's Memorandum

24

(Doc. #38),[2] the parties have stipulated that the only issue remaining is whether the Defendant

25

26

_____

27

        [1] Refers to court's docket number.

28

        [2] Defendant's Memorandum was accompanied by the correspondence in contention, submitted to the court
for *in camera* review.

1    properly invoked a FOIA exemption to redact a portion of an e-mail correspondence which was

2    transmitted between two DOJ-ATF employees in April 2002.

3                                            **II. LEGAL STANDARD**

4            Under FOIA, 5 U.S.C. §552 (b)(5) ("Exemption 5") provides that "inter-agency or intra-

5    agency memoranda or letters that would not be available by law to a party other than a party in

6    litigation with the agency" is exempt from disclosure to the public. In order to promote the

7    purpose of FOIA, to inform citizens about what the government is doing, the exemptions to

8    disclosure are narrowly construed with the court favoring disclosure over secrecy. *Dep't of*

9    *Justice v. Reporters Comm. For Freedom of the Press*, 489 U.S. 749, 773 (1989).  Additionally,

10   the Attorney General established a "foreseeable harm" standard for defending agency decisions.

11   When a FOIA request is denied, agencies will defend "only if (1) the agency reasonably foresees

12   that disclosure would harm an interest protected by one of the statutory exemptions or (2)

13   disclosure is prohibited by law."[3]

14           The Defendant, DOJ-ATF, has invoked the deliberative process privilege as established

15   by Exemption 5 to preclude the disclosure of the disputed document. The privilege protects the

16   quality of administrative decision-making by allowing open and frank discussion among those

17   responsible for making governmental decisions without worrying that such communications will

18   be revealed. *Dep't of Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 7-8 (2001);

19   *see Nat'l Wildlife Fed'n v. United States Forest Serv.*, 861 F.2d 1114, 1119 (9th Cir. 1988)

20   ("[T]he ultimate objective of Exemption 5 is to safeguard the deliberative process of agencies,

21   not the paperwork generated in the course of that process.") Furthermore, it protects "documents

22   reflecting advisory opinions, recommendations, and deliberations comprising part of a process

23   by which governmental decision and policies are formulated." *FTC v. Warner Commc'ns Inc.*,

24   742 F.2d 1156, 1161 (9th Cir. 1984) (citing *N.L.R.B. v. Sears, Roebuck & Co.*, 421 U.S. at 132,

25   150 (1975)). To establish the privilege, the agency must show that the inter- or intra-agency

26   documents are both "predecisional" and "deliberative." *Carter v. United States Dep't of*

27   *Commerce*, 307 F.3d 1084, 1089 (9th Cir. 2002).

28   _____

         [3] Attorney General Holder's FOIA Guidelines, 74 Fed. Reg. at 51879-01.

FOIA, 5 U.S.C. § 552 (a)(4)(B), imposes on agencies the burden of establishing that the requested information is exempt from disclosure. To meet its burden, the agency must offer oral testimony or affidavits that are "detailed enough for the district court to make a *de novo* assessment of the government's claim of exemption." *Maricopa Audubon Soc. v. U.S. Forest Service*, 108 F.3d 1089, 1092 (9th Cir. 1997). Courts must apply that burden with awareness that the plaintiff, who does not have access to the withheld materials, "is at a distinct disadvantage in attempting to controvert the agency's claims." *Id.* Only if affidavits and oral testimony cannot provide a sufficient basis for a decision should the court rely on *in camera* review of the documents in question.

Inter- or intra-agency documents must be "predecisional" in nature and must also form part of the agency's "deliberative process" in order to fall within the deliberative process privilege. *Id.* at 1093. A "predecisional" document is

> one prepared in order to assist an agency decisionmaker in arriving at his decision, and may include recommendations, draft documents, proposals, suggestions, and other subjective documents which reflect the personal opinions of the writer rather than the policy of the agency. A predecisional document is part of the "deliberative process," if the disclosure of [the] materials would expose an agency's decisionmaking process in such a way as to discourage candid discussion within the agency and thereby undermine the agency's ability to perform its functions.

*Id.* at 1093 (quoting *Assembly of the State of Cal. v. U.S. Dep't of Commerce*, 968 F.2d 916, 920 (9th Cir. 1992)) (internal quotations omitted). Therefore in order for a document to be protected by the deliberative process privilege, it must be: (1) an inter- or intra-agency document; (2) predecisional; and (3) deliberative.

### III. DISCUSSION

The Defendant alleges that the redacted portion of the e-mail response is the author's tentative opinion and does not represent the official position of the agency but rather "expresses nothing more than the author's tentative and preliminary views on an inquiry." (Doc. #38.) In the court's interpretation the segregated portion of the e-mail response simply reflects the author's need to conduct further research to provide an adequate response accurately expressing the

1   agency's policy. (*Id.*) It does not appear to be either predecisional or deliberative as discussed in
2   § III. A & B. The Defendant fails to provide its reasoning as to the foreseeable harm it envisions
3   disclosure will bring.

4           The Plaintiff contends that based on the segregated portion, it can be reasonably
5   presumed that the redacted portion is a short answer to a simple question of whether or not a
6   certain policy exists and that it is improbable the ATF can reasonably foresee that disclosure
7   would harm an interest protected by one of the statutory exemptions. (Doc. #39.)

8           However, even if the Defendant can reasonably foresee that disclosure would harm its
9   interests, Plaintiff contends the Defendant cannot simply satisfy its burden of proof by presenting
10  the withheld e-mail message for *in camera* review. Although 5 U.S.C. § 552(a)(4)(B) authorizes
11  a district court to inspect withheld materials *in camera* in order to determine whether the
12  exemption cited applies, the Court of Appeals has made clear that the district court's inspection
13  prerogative is "not a substitute for the government's burden of proof, due to the *ex parte* nature
14  of the process and the potential burden placed on the court." *Lane v. Department of Interior*, 523
15  F.3d 1128, 1135 (9th Cir. 2008) (citing *Church of Scientology of California v. U.S. Dept. of
16  Army*, 611 F.2d 738, 743 (9th Cir. 1979)) (internal citations omitted). *In camera* review is only
17  appropriate once the agency submits government testimony and detailed affidavits that "it can
18  properly furnish for examination under the court's ordinary procedures" so as to prevent
19  precluding "the adversarial testing on which judicial decisionmaking relies: because the issue is
20  whether one party will disclose documents to the other, only the party opposing disclosure will
21  have access to all the facts." *Maricopa Audubon Soc.*, 108 F.3d at 1093 n.2 (internal citations
22  omitted).

23          Although the agency has yet to submit affidavits or oral testimony to support its
24  invocation of the exemption and instead prematurely submitted the document *in camera* to the
25  court, this court will nonetheless continue its analysis by addressing whether the document
26  satisfies the "predecisional" and "deliberative" requirements of the deliberative process
27  privilege. Defendant does not contend that the document qualifies as an inter-agency document
28  as it is clear the exchange is between two DOJ-ATF employees.

## A. PREDECISIONAL

A document is predecisional when it is "prepared in order to assist an agency decisionmaker in arriving at his decision, and may include recommendation, draft documents, proposals, suggestions, and other subjective documents which reflect the personal opinions of the writer rather than the policy of the agency." *Id.* at 1093 (internal citations omitted). To prevent an agency from characterizing all its documents or memorandum as predecisional, the Ninth Circuit has held that the agency must identify a specific decision to which the document is predecisional. *Id.* at 1094.

The correspondence in question is between a manager and an employee and is therefore most likely not a document that would assist an agency in decisionmaking. The manager is asking directly whether an agency policy exists or not. (Doc. #38, #39.) The redacted portion, with the benefit of *in camera* review, does not amount to a predecisional decision on its face because it is not a recommendation, proposal, or suggestion made before the implementation of the policy. Although, according to *North Dartmouth Properties, Inc. v. U.S. Dept. of Housing and Urban Development*, 984 F.Supp. 65 (1997), the court held that the e-mail message in question was "predecisional" in nature because it reiterated the agency's predecisional deliberations even though the agency's decision was finalized. In this case, the redacted portion is not the agency's predecisional deliberations but rather consisted of an answer and an opinion which needed more substantiation through research. Generally, postdecisional material that explain or justify a decision already made do not fall within the deliberative process privilege. *Melendez-Colon v. U.S.*, 56 F.Supp.2d 142 (1999).

Defendant describes the "redacted" portion as the tentative opinion of an employee. (Doc. #38.) This is insufficient to establish the redacted portion as predecisional because the opinion or statement was not prepared in order to assist in a decision nor is it clear that it was directed toward a decision-maker.

## B. DELIBERATIVE

Assuming that the document is predecisional, the document must also be deliberative in nature. Exemption 5 calls for "disclosure of all opinions and interpretations which embody the

1    agency's effective law and policy," but "the withholding of all papers which reflect the agency's

2    group thinking in the process of working out its policy and determining what its law shall be."

3    *Sears, Roebuck & Co.*, 421 U.S. at 150-51 (internal citations omitted). Generally, the focus is on

4    whether disclosure of a predecisional document "would reveal an agency's decision-making

5    process in such a way as to discourage candid discussion within the agency and thereby

6    undermine the agency's ability to perform its functions." *Maricopa Audubon Soc.*, 108 F.3d at

7    1094.  *see Carter v. U.S. Dept. of Commerce*, 307 F.3d 1084, 1090 (9th Cir. 2002) ("Thus,

8    predecisional materials are privileged to the extent that they reveal the mental processes of

9    decision-makers.") (internal citations omitted).

10          In this case, it seems unlikely that disclosure of the redacted portion would seriously

11    undermine the agency's decision-making a deliberative process. Defendant alleges that the

12    tentative opinion does not reflect the agency's official position (Doc. #38); however, this is not

13    the standard for determining if a document is a part of the agency's deliberative process.

14    Defendant carries the burden of proof to establish that disclosure of the document would

15    foreseeably harm the agency's decision-making process by revealing the mental processes of

16    decision-makers. Significantly, this court's *in camera* review finds that disclosure of the redacted

17    portion would not enable the public to deduce or reconstruct how the agency arrived at its

18    decision.

19          Although Defendant contends that disclosure would reveal the "necessary 'back and forth

20    free flow of information' within the agency" (Doc. #38), Exemption 5, properly construed,

21    allows withholding of material which reflects "the agency's group thinking in the process of

22    *working out its policy*." *Sears, Roebuck & Co.*, 421 U.S. at 150-51 (emphasis added). However,

23    the redacted portion of the e-mail message does not reflect the "working out [of agency's]

24    policy" but rather an opinion of whether a policy exists or not; thus, the redacted portion does not

25    fall under the deliberative process privilege.

26                                    **IV. CONCLUSION**

27          Defendant failed to satisfy its burden of proof by submitting oral testimonies and detailed

28    affidavits explaining its reason(s) for withholding the redacted portion under Exemption 5. The

court should be wary of performing an *in camera* review before the agency opposing FOIA disclosure carries its burden of proof as it could create judicial unfairness to the opposing party who is at a disadvantage.

Nonetheless, since the redacted portion was submitted for review to the court, this court finds that Defendant's redaction of the e-mail message does not fall under Exemption 5 of FOIA because the document came after a final policy decision, making it postdecisional, and its disclosure does not reveal the mental processes of the decision-makers nor the deliberations before a final policy decision is made. Thus, the court orders that Defendant disclose to Plaintiff the e-mail message without redactions.

**IT IS SO ORDERED**.

DATED: June 25, 2015.

_____
**WILLIAM G. COBB**
**UNITED STATES MAGISTRATE JUDGE**