UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| NORMAND BERGERON, | Case No. 3:13-cv-00625-MMD-WGC |
|---|---|
| Plaintiff, | ORDER |
| v. | (Def's Motion to Dismiss – dkt. no. 42, |
| DEPARTMENT OF JUSTICE-BUREAU OF ALCOHOL TOBACCO, FIREARMS, and EXPLOSIVES | Plaintiff's Motion for Attorney Fees – dkt. no. 45) |
| Defendant. | |

**I.  SUMMARY**

Before the Court are Defendant Department of Justice—Bureau of Alcohol Tobacco, Firearms and Explosives' ("ATF") motion to dismiss (dkt. no. 42) and Plaintiff Normand Bergeron's ("Bergeron") motion for award of fees and costs (dkt. no. 45). The Court has also reviewed the parties' respective responses and replies (dkt. nos. 44, 46, 47, 48.) For the reasons set out below, ATF's motion to dismiss is granted and Bergeron's motion for attorney fees is denied.

**II.  BACKGROUND**

Bergeron, proceeding *pro se*, sues ATF seeking compliance with the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, after ATF failed to respond adequately to several written requests for records. (Dkt. no. 6.) Bergeron sought injunctive relief, attorney's fees and costs, and written findings consistent with the provisions of 5 U.S.C. § 552 *et seq.* (*Id.*)

1  The parties resolved the bulk of the disputed issues on their own and submitted
2  one issue to Magistrate Judge Cobb. Judge Cobb resolved the remaining dispute in
3  Bergeron's favor. (Dkt. no. 40 at 6-7.)

4  **III.    MOTION TO DISMISS**

5  ATF seeks dismissal because it argues no issues remain to be adjudicated and
6  the case is now moot. (Dkt. no. 42 at 3.) Bergeron opposes dismissal, arguing the case
7  is not moot because he is still seeking attorney fees and a finding that ATF acted
8  arbitrarily and capriciously. (Dkt. no. 44 at 13.) In response, ATF argues that an award of
9  attorney fees is a post judgment proceeding which does not preclude dismissal, and that
10 there is no factual basis for a finding that the agency acted arbitrarily and capriciously.
11 (Dkt. no. 46 at 2-3.) The Court agrees with ATF in part.

12 As an initial matter, the parties have both misstated the law with respect to the
13 Court's role in determining whether ATF acted arbitrarily and capriciously. The FOIA
14 statute provides:

> Whenever the court orders the production of any agency records improperly withheld from the complainant and assesses against the United States reasonable attorney fees and other litigation costs, and the court additionally issues a written finding that the circumstances surrounding the withholding raise questions whether agency personnel acted arbitrarily or capriciously with respect to the withholding, the Special Counsel shall promptly initiate a proceeding to determine whether disciplinary action is warranted against the officer or employee who was primarily responsible for the withholding.

20 5 U.S.C.A. § 552(a)(F)(i). Contrary to both parties' arguments, it is not the Court's role to
21 find that ATF acted arbitrarily and capriciously. Rather, the Court must simply find that
22 "circumstances surrounding the withholdings *raise questions* about whether agency
23 personnel acted arbitrarily and capriciously." (*Id.*)

24 The Court finds that, even with the limited record before it, the circumstances
25 surrounding ATF's withholdings raise questions about whether the agency acted
26 arbitrarily and capriciously. Bergeron was required to engage in years of litigation to
27 obtain documents. He successfully obtained much of the disputed material through both
28 negotiations with ATF and a court order. While ATF is correct in pointing out that most of

Bergeron's claims were resolved through joint discussions, such resolution does not mean that ATF's initial refusals do not raise questions about the agency's actions. In fact, other parts of the FOIA statute impose penalties on agencies even if disputes are resolved largely through a change in the agency's position, rather than court order. *See* 5 U.S.C. § 552(a)(E)(i) ("a complainant has substantially prevailed if the complainant has obtained relief through … a voluntary or unilateral change in position by the agency.")

Bergeron's request for attorney's fees and costs is a post judgment determination that does not preclude granting ATF's motion to dismiss. Bergeron's request for a finding that the circumstances surrounding ATF's response to his FOIA requests raise questions about whether the agency acted arbitrarily and capriciously has been addressed.

Accordingly, the Court will grant Defendant's motion to dismiss because all substantive issues have been resolved.

**IV.   MOTION FOR ATTORNEY FEES**

Bergeron filed a motion for award of fees and costs. (Dkt. no. 45.) ATF opposed the motion because Bergeron did not comply with the local rules. (Dkt. no. 47.) Bergeron acknowledges that he failed to comply with the local rules and seeks leave to amend his motion. (Dkt. no. 48 at 5-6.)

The Court will deny Bergeron's motion for attorney fees without prejudice so that he may serve and file a bill of costs in compliance with Local Rule 54-1.

**V.   CONCLUSION**

Defendant's motion to dismiss (dkt. no. 42) is granted.

Plaintiff's motion for award of fees and costs (dkt. no. 45) is denied without prejudice.

The Clerk is instructed to close this case.

DATED THIS 28th day of March 2016.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE